# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

GILBERT PARKER,

    Plaintiff,

vs.

DEPARTMENT OF JUSTICE

    Defendant.

Case No. 1:21-cv-721

Black, J.
Bowman, M.J.

## REPORT AND RECOMMENDATION

Plaintiff, a resident of Cincinnati brings this action against the Department of Justice. By separate Order issued this date, plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. This matter is before the Court for a *sua sponte* review of plaintiff's complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915(e)(2)(B).

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)). To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.*; *see also* 28 U.S.C. § 1915(e)(2)(B)(i). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or

1

law. *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are fantastic or delusional in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress also has authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. § 1915 (e)(2)(B)(ii). A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill*, 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478

U.S. 265, 286 (1986)).  Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).  A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.  Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557.  The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

Here, Plaintiff's complaint appears to arise out of his civil rights case against the New York Division of Parole.  Plaintiff claims that he was unlawfully detained on a parole warrant in 2003. Thereafter, in 2004, Plaintiff contends he filed a pro se civil rights 1983 case against the New York State Division of Parole, et al, in U.S. District Court for the Southern District of New York.  He claims that for thirteen years the New York State Attorney General's office has denied him justice. It appears that in 2018 his appeals were dismissed. (Doc. 1, pp. 31-73). For relief, Plaintiff is seeking "$50,000 for the continuing pain and suffering of mental anguish and emotional distress as well as a full investigation into the crimes committed by the attorney general lawyer and the right to file my appeal with the court of appeals second circuit". (Doc. 1).

Upon careful review, the undersigned finds that Plaintiff's complaint fails to state a claim upon which relief may be granted in this federal court.  There is no indication from the complaint that this matter would be properly venued in this Court. 28 U.S.C. § 1391(b) provides that civil suits may be brought only in the judicial district where (1) any defendant resides, if all defendants reside in the same State; (2) a substantial part of the events or

omissions giving rise to the claim occurred; or (3) any defendant may be found, if there is no district in which the claim may otherwise be brought. In this case, Plaintiff states he is a resident of Ohio and the defendants appear to be residents of New York. It also appears that the events giving rise to plaintiff's claims occurred in New York, and not in any county located in the Southern District of Ohio. Thus, the Southern District of Ohio is not the proper venue under section 1391(b). Plaintiff's claims under section 1983 are also time-barred. See *Browning v. Pendleton*, 869 F.2d 989, 992 (6th Cir.1989) (Any claim for damages under § 1983 must be filed within two years of the date that the claim accrues, which is usually the date on which the allegedly unconstitutional acts occurred).

For these reasons, it is therefore **RECOMMENDED** this action be **DISMISSED** with **PREJUDICE** for failure to state a claim for relief. It is further **RECOMMENDED** that the Court certify pursuant to 28 U.S.C. § 1915(a) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore deny Plaintiff leave to appeal *in forma pauperis*.

    *s/ Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | |
|---|---|
| GILBERT PARKER, | Case No. 1:21-cv-721 |
| Plaintiff, | |
| | Black, J. |
| vs. | Bowman, M.J. |
| | |
| DEPARTMENT OF JUSTICE | |
| Defendant. | |

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).