UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

GILBERT PARKER,

    Plaintiff,

vs.

DEPARTMENT OF JUSTICE

    Defendant.

Case No. 1:21-cv-721

Black, J.
Bowman, M.J.

## REPORT AND RECOMMENDATION

Plaintiff, a resident of Cincinnati brings this action against the Federal Bureau of Investigation ("FBI") and Department of Justice ("DOJ"). By separate Order issued this date, plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. The undersigned previously recommended that this matter be dismissed. (See Doc. 4). Plaintiff field objections to the Report and Recommendation and Judge Black *sua sponte* granted Plaintiff leave to file an amended complaint. (See notational order of November 15, 2022). The amended complaint was filed on December 1, 2022. (See Doc. 9). This matter is now before the Court for a *sua sponte* review of Plaintiff's amended complaint to determine whether the amended complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915(e)(2)(B).

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319,

1

324 (1989)). To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.*; *see also* 28 U.S.C. § 1915(e)(2)(B)(i). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are fantastic or delusional in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke,* 490 U.S. at 328).

Congress also has authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. § 1915 (e)(2)(B)(ii). A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill*, 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the

court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

Here, Plaintiff's amended complaint appears to arise out of his civil rights case against the State of New York. During the pendency of that proceedings, Plaintiff claims that the Attorney General's Office, who represented the state of New York, failed to provide him with discovery. Plaintiff further claims that Inna Reznik, the attorney for the New York Attorney General's Office, "continued to obstruct justice by refusing to produce witnesses …." (Doc. 9 at 2). Plaintiff claims that the attorneys involved in his case "are guilty of official misconduct, when they knowingly allowed the lead A.A.G Reznik to withhold discovery from the plaintiff and did nothing about it." Id. at 3. Plaintiff further claims that it was the duty of the FBI as well as the DOJ to look into the matter of corruption by a federal employee. Plaintiff claims that he started receiving suspicious documents from the 2nd Circuit Court of Appeals, so he forwarded those documents to both the FBI and DOJ.

In light of the foregoing, Plaintiff claims to bring this suit "under the statues of F.T.C.A 28 USC 1346(B), F.T.C.A 28 USC 2680 and F.T.C.A. USC 2679 for Negligence, Gross Negligence, Contributory Negligence and Ordinary Negligence, for the Department of Justice has three departments within its agency, who's main function is to investigate alleged criminal offenses made by department employees." (Doc. 9 at 4). Plaintiff further notes that the documents attached to the complaint "clearly shows the crimes committed by Ms. Reznik, her trying to conceal her crimes by removing documents from the Court docket of the Southern District Court and changing jobs so she could conceal crimes, therefore the F.B.I. and the Department of Justice are clearly guilty of Negligence, Gross Negligence, Contributory Negligence and Ordinary Negligence by not doing their duty according to law." (Doc. 9 at 7). For relief, Plaintiff is seeking "$150,000 for unnecessary pain and suffering, mental anguish and emotional distress that the plaintiff has to endure because of the defendants, since filing his complaint and lawsuit." Id. at 6-7.

Upon careful review, the undersigned finds that Plaintiff's complaint fails to state a claim upon which relief may be granted in this federal court. Notably the Federal Tort Claims Act (FTCA) provides a limited waiver of sovereign immunity and subject matter jurisdiction for Plaintiff to bring tort claims against the United States predicated on state law. *Milligan v. United States,* 670 F.3d 686, 692 (6th Cir.2012); *Premo v. United States*, 599 F.3d 540, 544 (6th Cir.2010); *Sharp v. United States*, 401 F.3d 440, 442-43 (6th Cir.2005); *Chomic v. United States*, 377 F.3d 607, 609 (6th Cir.2004). The FTCA waives the sovereign immunity of the United States from civil tort actions, with certain exceptions, and renders the United States liable for compensatory damages in tort where state law would impose liability against a private individual under like circumstances. *Richards v. United States*, 369 U.S. 1, 6, 82

S.Ct. 585, 7 L.Ed.2d 492 (1962); *Milligan*, 670 F.3d at 692; *Premo*, 599 F.3d at 544. The FTCA does not create causes of action against the United States, nor does it provide a means for enforcing federal statutory duties. *Premo*, 599 F.3d at 544; *United States v. Cundiff*, 555 F.3d 200, 217 (6th Cir.2009); *Myers v. United States*, 17 F.3d 890, 894 (6th Cir.1994).

Here, Plaintiff appears to argue that the FBI and the Department of Justice are liable under the FTCA because they did not investigate the actions of the Attorney General's Office in connection with Plaintiff's criminal case in New York. However, despite asserting claims under the FTCA, his claims against the FBI and the Department of Justice for failing to investigate the actions of federal attorneys representing the United States in Plaintiff's criminal case in New York are barred by the doctrine of sovereign immunity. Sovereign immunity bars a claim against the United States and its employees acting in their official capacity save consent "unequivocally expressed in statutory text[.]" *Lane v. Pena*, 518 U.S. 187, 192 (1996).

The Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346, 2671 et seq., provides a limited waiver of the sovereign's immunity for money damages "under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1). The United States has not consented to be sued for conduct stemming from "the failure of the United States to carry out a federal statutory duty in the conduct of its own affairs." *Hornbeck Offshore Transp., LLC v. United States*, 569 F.3d 506, 510 (D.C. Cir. 2009) (citation and internal quotation marks omitted). Thus, the FBI is entitled to sovereign immunity for any claim related to the FBI's investigation and enforcement activities. Plaintiff has failed to

5

identify "any waiver of sovereign immunity allowing an individual to force the FBI to investigate an alleged crime[,]" and courts routinely "[reject] the proposition that the United States has waived its sovereign immunity for FBI investigation and enforcement decisions." Id. (citing Waters v. FBI, No. 11-cv-17, 2011 WL 1575602, at *2 (S.D. Ohio Apr. 26, 2011)) (holding that Congress has not waived sovereign immunity for FBI and IRS investigation and enforcement activities). Similarly, as an agency of the United States, the Department of Justice is also entitled to sovereign immunity under this analysis. *See United States v. Testan*, 424 U.S. 392, 96 S.Ct. 948, 47 L.Ed.2d 114 (1976). *Whittle v. United States*, 7 F.3d 1259, 1262 (6th Cir.1993).

In addition, there is no indication from the complaint that this matter would be properly venued in this Court. 28 U.S.C. § 1391(b) provides that civil suits may be brought only in the judicial district where (1) any defendant resides, if all defendants reside in the same State; (2) a substantial part of the events or omissions giving rise to the claim occurred; or (3) any defendant may be found, if there is no district in which the claim may otherwise be brought. In this case, Plaintiff states he is a resident of Ohio and the defendants appear to be residents of New York. It also appears that the events giving rise to plaintiff's claims occurred in New York, and not in any county located in the Southern District of Ohio. Thus, the Southern District of Ohio is not the proper venue under section 1391(b).

Accordingly, Plaintiff fails to state a claim for relief under the FTCA. For these reasons, it is therefore **RECOMMENDED** this action be **DISMISSED** with **PREJUDICE** for failure to state a claim for relief. It is further **RECOMMENDED** that the Court certify pursuant to 28 U.S.C. § 1915(a) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore deny Plaintiff

6

leave to appeal *in forma pauperis*.

                                           *s/ Stephanie K. Bowman*
                                           Stephanie K. Bowman
                                           United States Magistrate Judge

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | |
|---|---|
| GILBERT PARKER, | Case No. 1:21-cv-721 |
| Plaintiff, | |
| vs. | Black, J.<br>Bowman, M.J. |
| DEPARTMENT OF JUSTICE | |
| Defendant. | |

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).